# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0149V
UNPUBLISHED

FRANCIS E. SETHMAN, JR.,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: May 21, 2021

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Guillain-
Barre Syndrome (GBS)

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC, for petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On February 13, 2020, Francis E. Sethman, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barré Syndrome (GBS) as a result of an influenza vaccine administered on September 27, 2018. Petition at 1. Petitioner further alleges that he suffered onset of GBS within the Table time period and that there is not a preponderance of medical evidence that his GBS was due to a factor unrelated to the vaccination. *Id.* at 1-3, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 2, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. ECF 35. On May 21, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $167,600.00 for pain

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $167,600.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| FRANCIS E. SETHMAN, JR., | ) | |
| | ) | |
| Petitioner, | ) | No. 20-149V |
| | ) | Chief Special Master |
| v. | ) | Brian Corcoran |
| | ) | SPU |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 13, 2020, Francis E. Sethman ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on March 31, 2021. Based on Respondent's Rule 4(c) Report, on April 2, 2021, Chief Special Master Corcoran found petitioner entitled to compensation for his Guillain-Barré Syndrome.

## I.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $167,600.00 for pain and suffering. Petitioner does not request any other compensation for his injury. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$167,600.00**, in the form of a check made payable to petitioner.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney General

                                        C. SALVATORE D'ALESSIO
                                        Acting Director
                                        Torts Branch, Civil Division

                                        HEATHER L. PEARLMAN
                                        Acting Deputy Director
                                        Torts Branch, Civil Division

                                        LARA A. ENGLUND
                                        Assistant Director
                                        Torts Branch, Civil Division

                                         s/Althea Walker Davis
                                        ALTHEA WALKER DAVIS
                                        Senior Trial Counsel
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146
                                        Benjamin Franklin Station
                                        Washington, D.C.  20044-0146
                                        Tel: (202) 616-0515
                                        Althea.Davis@usdoj.gov

DATED:  May 21, 2021

---

¹  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.